STATE, Respondent, *v.* CLAY, Appellant.

(No. 6,453.)

(Submitted February 25, 1929. Decided April 16, 1929.)

[276 Pac. 436.]

*Mr. George W. Farr,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. L. A. Foot,* Attorney General, *Mr. James W. Scott,* Assistant Attorney General, and *Mr. Daniel L. O'Hern,* County Attorney, for the State, submitted a brief; *Mr. T. H. MacDonald,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

Defendant, upon his plea of not guilty, was regularly tried for the crime of assault in the first degree. He was by verdict of the jury found guilty of assault in the second degree and his punishment fixed therein at not less than two and one-half nor more than five years in the state penitentiary. Judgment was entered accordingly. The defendant moved for a new trial, which was denied, and the case is now before this

court on appeal from the judgment and from the order denying his motion for a new trial. The several assignments of error made by the defendant relate only to instructions given to the jury and those offered by the defendant and by the court refused.

The defendant's position was that in perpetrating the assault complained of he acted wholly in self-defense, whereas the theory of the prosecution was that at the time of the assault, on March 25, 1928, at the homestead of the complaining witness, Robert Higgins, the defendant was the aggressor, and the assault wholly unjustified. Several shots were exchanged between the defendant and the complaining witness resulting in the serious wounding of the latter.

Two instructions given by the court were assigned as error, the first being instruction No. 14, as follows: "To make the plea of self-defense defendant must be without fault. If he himself was the aggressor he cannot invoke the doctrine of self-defense; if the assault was brought about by the design, contrivance or fault of the defendant he cannot be excused on a plea of self-defense." In our opinion no error was by the court committed in giving this instruction when read and considered in connection with instructions 12 and 13 previously given to the jury. The rule given general recognition is that a person accused of assault cannot shield himself on the ground of necessity brought on by his own fault or wrongful act. (30 C. J., p. 46; 13 R. C. L., p. 823.)

The second instruction given by the court, of which the defendant complains, is instruction No. 8, reading as follows: "You are instructed that the reputation of the person assaulted does not affect the nature of the crime of assault. Such testimony is admissible only as to whether or not the defendant acted in self-defense, and can only be considered by you for this purpose; if you find beyond reasonable doubt that the shooting was not done in self-defense, defendant's act was assault and the reputation of the person assaulted is immaterial." In our opinion the defendant has no cause to complain of the instruction, especially when considered in

connection with the court's instruction No. 9, immediately following, whereby the jury were told: "That the defendant is entitled to have the evidence touching the question of his reputation for peace and quietness considered by the jury in determining the question of his guilt or innocence. Proof of good reputation for peace and quietness on the part of the defendant is proper evidence to be considered by the jury in connection with all the other evidence of the case. In determining the guilt or innocence of the defendant, the weight to be attached to the fact of good reputation, like that to be attached to every other fact in the case, is for the jury alone to determine."

Testimony as to the character and reputation of a person assailed is only admissible and subject to be considered for the purpose of aiding in determination of who was in fact the aggressor where the accused relies upon self-defense. If the jury were satisfied of the defendant's guilt beyond a reasonable doubt, it was their duty to convict him, notwithstanding his previous good character.

Other alleged errors relate to instructions offered by the defendant and by the court refused. We have carefully considered all of them and are of the opinion that no error was committed by the court in refusing such proposed instructions. They were in most instances fully covered by proper instructions given by the court.

For the reasons stated, the judgment and order are affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.